FLORA ROSENKRANZ *vs.* SUPREME COUNCIL OF THE ROYAL ARCANUM.

Suffolk. January 8, 9, 1929. — January 31, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Fraternal Beneficiary Corporation. Agency,* Existence of relation.

A member of a local council of a fraternal order, a corporation, was the holder of a benefit certificate issued by the corporation, which provided for the payment of $1,000 to the member's widow upon his death, and also provided that, after he had become seventy years old, he might surrender the certificate to be cancelled and receive an old age benefit, thereby terminating his membership and all rights in the order. The constitution and laws of the order provided that local councils and their officers in the performance of their duties should be agents of the members of the local council and not of the "Supreme Council" of the order. The member, after reaching the age of seventy years, and shortly before his death, surrendered his benefit certificate to be cancelled and applied for the old age benefit, agreeing that the amount to which he was entitled was $184.62. His application was approved, and a check of the corporation for $184.62, payable to him, was received by the treasurer of the local council before his death, but was not delivered to him personally previous thereto. After his death his widow brought an action against the corporation to recover $1,000 upon the benefit certificate. *Held,* that

(1) The delivery of the check for $184.62 to the treasurer of the local council in the lifetime of the member had the effect of delivery to the member;

(2) All rights under the benefit certificate had been terminated previous to his death;

(3) The action could not be maintained.

CONTRACT, against a fraternal beneficiary corporation to recover $1,000 upon the benefit certificate described in the opinion. Writ dated July 14, 1927.

The action was heard in the Superior Court upon an agreed statement of facts by *Lummus,* J., without a jury, and he ordered judgment to be entered for the defendant. The plaintiff appealed. Material facts are stated in the opinion.

*B. H. Chertok,* for the plaintiff, submitted a brief.

*T. S. Bubier*, for the defendant.

SANDERSON, J. The defendant is a fraternal beneficiary corporation. The plaintiff is the widow of Isidore Rosenkranz who was the holder of a benefit certificate, issued by the defendant to him as a member of a local council of the order, providing for payment of $1,000 at his death to the plaintiff as beneficiary. The constitution and laws of the order which were binding upon the insurer and insured (see *Reynolds* v. *Royal Arcanum,* 192 Mass. 150) gave any member, upon arriving at the age of seventy years or upwards, the right to surrender his benefit certificate to be cancelled, to sever his membership in the order and all rights, benefits and privileges therein and to receive as an old age benefit a sum of money to be determined as therein provided. On August 21, 1926, the plaintiff's husband, having reached the age of seventy, made application for the old age benefit and therein agreed that the amount to which he was entitled upon surrender of the certificate was $184.62. He surrendered his benefit certificate to be cancelled and consented upon receipt of the sum stated that his membership in the order should be terminated. On August 24, 1926, the application was approved by the subordinate council of which he was a member, and the certificate on which this action is brought was sent to the defendant. It seems that the application had not been signed by the applicant, and was returned for his signature. He signed it September 1, 1926. Two days later it was approved by the proper officers of the defendant. On September 7, 1926, the check for the amount of the old age benefit, drawn by the treasurer of the defendant and payable to the order of Isidore Rosenkranz, was sent to the treasurer of the subordinate council to which Rosenkranz belonged and was received by that officer before September 14, 1926, the date on which Rosenkranz died, but it had not been delivered to Rosenkranz personally at the time of his death.

The plaintiff contends that the benefit certificate was in force at the time of her husband's death because the old age benefit had not been actually received by her husband. The laws governing subordinate councils provide that "The Council and its officers, in performing the duties and ad-

ministering the powers provided by the Laws of the Order, shall be the agent or agents of the members thereof, and not of the Supreme Council, and no act or failure to act by the Council or by any officer or member thereof, shall create, or be construed so as to create, any liability on the part of the Supreme Council." The delivery of the check to the treasurer of the subordinate council in the lifetime of Rosenkranz was delivery to his agent and the same in legal effect as if there had been a delivery to himself. As far as the defendant was concerned the transaction was completed, Rosenkranz had been paid, and all rights under the certificate had ended. Consequently his widow cannot recover in this action and the order of judgment for the defendant was right.

We need not decide whether the surrender of the certificate operated as a cancellation of the right to recover its face value from the time of its delivery, and whether if no check had been sent the only right of the former holder then remaining was to receive the old age benefit by virtue of the provisions of the constitution and laws of the order.

*Order for judgment for defendant affirmed.*